UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| SELMAR PERDUE, JR., | ) | CASE NO. 1:14 CV 1651 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CUYAHOGA COUNTY CHILD SUPPORT | ) | AND ORDER |
| ENFORCEMENT AGENCY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On July 28, 2014, plaintiff *pro se* Selmar Perdue, Jr. filed this *in forma pauperis* action against the Cuyahoga County Child Support Enforcement Agency (CSEA) and the Ohio Bureau of Motor Vehicles (OBMV). He alleges in the complaint that his driver's license was suspended because CSEA advised OBMV that he owed child support. Plaintiff has been notified that he must pay a reinstatement fee to get his license back.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing
(continued...)

U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

The doctrine of *res judicata* bars a claim when: 1) the same party or parties in privity with them were present in the prior litigation; 2) a court of competent jurisdiction has entered a valid judgment on the merits; and 3) the present action concerns the same subject matter or cause of action as the prior suit. *Sea-Land Services, Inc. v. Gaudet*, 414 U.S. 673, 579 (1974); *Harrison v. Bloomfield Building Industries, Inc.*, 435 F.2d 1192 (6th Cir. 1970). The fundamental concept embodied in the doctrine of *res judicata* is that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction ... cannot be disrupted in a subsequent suit between the same parties of their privies ...." *Southen Pacific R. Co. v. United States*, 168 U.S. 1, 48-49 (1897). Once having a fair and full opportunity to litigate a matter, *res judicata* protects parties from expense of multiple lawsuits, conserves judicial resources and protects the integrity of the judicial system, *See*, *United States v. Stauffer Chemical Co.*, 684 F.2d 1174, 1180 (6th Cir. 1982).

On May 9, 2008, plaintiff commenced an identical *in forma pauperis* action in this court against the very same defendants. That case was summarily dismissed, pursuant to 28 U.S.C. § 1915(e), for failure to state a claim upon which relief can be granted. *Perdue v. Cuyahoga Support Enforcement Agency*, No. 1:08 CV 1162 (N.D. Ohio, June 5, 2008). The doctrine of *res judicata* thus bars the court from addressing this matter again.

Accordingly, this action is dismissed under section 1915(e). The court certifies,

---

(...continued)
the claim for one of the reasons set forth in the statute.
`McGore v. Wrigglesworth`, 114 F.3d 601, 608-09 (6th Cir. 1997); `Spruytte v. Walters`, 753 F.2d 498, 500 (6th Cir. 1985), `cert. denied`, 474 U.S. 1054 (1986); `Harris v. Johnson`, 784 F.2d 222, 224 (6th Cir. 1986); `Brooks v. Seiter`, 779 F.2d 1177, 1179 (6th Cir. 1985).

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

Dated: January 16, 2015                         *s/     James S. Gwin*
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE